WRAPE (UNITED STATES v.). See Case No. 16,767.

## Case No. 18,059.

### WRAY v. REILY.

[1 Cranch, C. C. 513.] [1]

Circuit Court, District of Columbia. Nov. Term, 1808.

STATE INSOLVENT ACT—DISCHARGE.

A discharge of a debtor under the Maryland insolvent act of January 3, 1800, is a bar to an action for a debt contracted in Georgia, although the creditor always resided in South Carolina.

Debt upon a judgment of the circuit court of the United States for the district of Georgia, obtained in April, 1796. Among other pleas, the defendant pleaded a discharge under the insolvent law of Maryland, passed on the 3d of January, 1800, setting forth all the proceedings, and the final discharge by the chancellor. By the fifth section the debtor is to be "discharged from all debts, covenants, contracts, promises, and agreements, due from, or owing, or contracted by him before the date of his deed of assignment," upon his complying with the terms of the act. To this plea the plaintiff replied that on the 2d of December, 1793, the plaintiff dwelt in South Carolina, and the defendant in the state of Georgia, where he made his promissory note, upon which the plaintiff recovered judgment, upon which this action is brought. That the cause of action therefore arose in Georgia. That the plaintiff never resided in Maryland, and took no benefit from the surrender of the defendant's effects in that state. To this replication the plaintiff demurred.

E. J. Lee, for defendant, contended that the discharge of a debtor, upon a fair surrender of all his effects according to the laws of the country of his domicile is, by the comity of nations, good all over the world. That the act of the chancellor is the judgment of a court of competent jurisdiction, and everywhere conclusive; as in the cases of marriage and divorce. That this court ought to decide upon the validity of this discharge in the same manner as a court of Maryland would decide; and cited the following authorities: Hunter v. Potts, 4 Term R. 192; Hughs v. Cornelius, T. Raym. 473; James v. Allen, 1 Dall. [1 U. S.] 188; Miller v. Hall, Id. 229; Thompson v. Young, Id. 294; Gorgerat v. McCarty, Id. 366; Emory v. Grenough, 3 Dall. [3 U. S.] 370; Cooke, Bankr. Law, 34; Coop. Bankr. Law, Addenda, 10, 27, 28; Sill v. Worswick, 1 H. Bl. 665; Phillips v. Hunter, 2 H. Bl. 402; Davis v. Marshall [Case No. 3,641], in this court, at Washington, July term, 1804.

Mr. Swann, contra, admitted that contracts may be discharged by the laws of the country wherein they were made, but contended that they could not by the laws of any other country, and cited Coop. Bankr. Law, 361, tit. "Cessio Bonorum"; Smith v. Buchannan, 1 East, 6; [James v. Allen] 1 Dall. [1 U. S.] 188; [Miller v. Hall] Id. 229; [Thompson v. Young] Id. 294; [Gorgerat v. McCarty] Id. 366; [McKimm v. Riddle] 2 Dall. [2 U. S.] 100; [Harris v. Mandeville] Id. 256; [Emory v. Grenough] 3 Dall. [3 U. S.] 369; Pedder v. McMaster, 8 Term R. 609; Van Raugh v. Van Arsdaln, 3 Caines, 154; Davis v. Marshall [supra], in this court, July Term, 1804.

CRANCH, Chief Judge, did not sit in this cause.

[1] [Reported by Hon. William Cranch, Chief Judge.]

FITZHUGH, Circuit Judge, delivered the opinion of the court, that the plea of discharge under the insolvent act of Maryland was a good bar to the action.